IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTERN DISTRICT OF TEXAS
HOUSTON DIVISION

SARAH RICCIARDI,

    Plaintiff,

v.                                            Case No.:  4:14-cv-00544

STSI, LLC d/b/a STATE TACTICAL
SECURITYAND INVESTIGATIONS, and
ROBERT MARQUEZ, JR.,

    Defendants.
_____/

**PLAINTIFF'S MOTION FOR AWARD OF REASONABLE
ATTORNEYS' FEES AND COSTS AND FOR ENTRY OF FINAL JUDGMENT**

Plaintiff by and through her undersigned counsel, moves this Court to enter a judgment in favor of Sarah Ricciardi and against STSI, LLC and Robert Marquez, Jr., and in support thereof states as follows:

**I.    INTRODUCTION**

This case arises from Plaintiff's claim that she was not paid overtime in compliance with the Fair Labor Standards Act. On March 4, 2014, Plaintiff filed a Complaint seeking unpaid overtime, liquidated damages, and attorney's fees and costs. Doc. 1. On June 4, 2014, Defendant made an offer of judgment consisting of Plaintiff's unpaid overtime and liquidated damages. *See* Exhibit A. This offer of judgment did not include Plaintiff's attorneys' fees and costs. *Id.* at ¶ 3. Plaintiff accepted this offer on June 12, 2014. *See* Exhibit B.

The Parties engaged in negotiations regarding the amount of Plaintiff's attorneys' fees and costs. The Parties reached an agreement as to the amount of attorneys' fees and costs. *See* Exhibit C. However, the Parties were unable to reach an agreement as to the length of the payment plan

requested by Defendant. Accordingly, Plaintiff seeks an award of attorneys' fees from the Court and the entry of a final judgment.

## II. JUDGMENT

Pursuant to Rule 68(a) and Defendant's offer of judgment, Plaintiff moves this Court to enter a judgment in the amount of $1,693.50 in favor of Sarah Ricciardi and against STSI, LLC and Robert Marquez, Jr. This amount constitutes Plaintiff's unpaid overtime in the amount of $846.75 and liquidated damages in the amount of $846.75.

## III. REASONABLE ATTORNEYS' FEES AND COSTS

Under the FLSA, the award of attorney's fees is mandatory. 29 U.S.C. §216(b). Courts have long recognized that to achieve the remedial goal of the FLSA, attorney's fees must be awarded. Awarding employees their attorney's fees is necessary to "provide an adequate economic incentive for legitimate claims." *Odil v. Evans*, 2005 WL 3591962 *3 (M.D.Ga.2005). Plaintiff seeks $5,453.75 for her reasonable attorneys' fees and $400 in reimbursable costs.

### A. Lodestar

In *Hensley v. Eckerhart*, the Supreme Court stated that "the most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable rate." 461 U.S. 424, 433 (1983). This amount, which is commonly referred to as the lodestar, is then adjusted to reflect the "results obtained." *Id*. At 434, *accord Saizan v. Delta Concrete Prod. Co., Inc.,* 448 F.3d 795, 799 (5th Cir.2006). To determine the amount of attorneys' fees to be awarded, the Fifth Circuit utilizes a two-step process to derive the lodestar. *La. Power & Light Co. v. Kellstrom*, 50 F.3d 319, 323-24 (5th Cir.1995). Under this method, a court first determines the reasonable number of hours expended on the litigation and then the reasonable hourly rates for the participating attorneys. Id. at 324.

A plaintiff seeking attorneys' fees bears the initial burden of showing the reasonableness of the hours billed. *See Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983) (stating that "the fee applicant bears the burden of establishing entitlement to an award and documenting the appropriate hours expended and hourly rates"). Plaintiff's counsel, however, "is not required to record in great detail how each minute of his time was expended," but should at a minimum "at least identify the general subject matter of his time expenditures." *Hensley*, 461 U.S. at 437, n. 12.

The Declaration of Jonathan Sandstrom Hill (Exhibit D) contains a certification that he has fully reviewed the time records and that the supporting data for the Declaration and that the hours claimed are well grounded and in fact justified. Sworn testimony by counsel that the hours were spent litigating this case is evidence of considerable weight of the time required and it must appear that the time is obviously and convincingly excessive to reduce the hours. See *Perkins v. Mobile Housing Authority*, 847 F.2d 738 (11th Cir.1988).

The time records for Jonathan Sandstrom Hill, show that the Ross Law Group expended 9 hours of attorney time at a rate of $300.00 and 5.25 hours of attorney time at a rate of $425.00. The Ross Law Group also expended 5.5 hours of paralegal time at a rate of $95.00 an hour for a total fee of $5,453.75. [1]

The Tenth Circuit has set forth five general standards for a court to review when assessing the reasonableness of the number of attorney hours:

(1) Whether time entries exceeding 6 to 7 hours for a single attorney on any given day reflect work that was reasonably justified;

(2) Whether time spent in each specific task was excessive;

---

[1] Attorney's fees also include work performed by paralegals. *See Vela v. City of Houston,* 276 F.3d 659,681 (5th Cir.2001)

(3) Whether work sought to be charged to the adverse party would normally be billed to a paying client;

(4) Whether any services were duplicated; and

(5) Whether time spent on the case at hand was for necessary or related matters or was nonproductive time.

*Ramos v. Lamm*, 713 F.2d 546, 552-54 (10th Cir.1983). None of these factors weight against Plaintiff. There are no examples of excessive time being spent on specific tasks. All tasks in the attorney fee declaration are for work which would be normally billed to a paying client. Plaintiff has already removed hours for duplicative or nonproductive work from the fee petition. *See Villegas v. Regions Bank*, 2013 WL 76719 (S.D. Tex. Jan. 4, 2013). For example, Plaintiff is not seeking fees for updating Tom Padgett, the Ross Law Group's sole attorney in its Houston office, on the background of the case in order for him to attend the pretrial conference.

Once the court determines whether the hours are reasonable, it must determine the market rate. The market rate is the rate that lawyers of similar ability and experience in the community normally charge their paying clients for the type of work in question. *Uphoff v. Elegant Bath, Ltd.*, 176 F3d 399 (7" Cir. 1999). The burden of proving the market rate is on the party seeking the fee award, but once the prevailing party's attorney provides evidence of establishing his market rate, the opposing party has the burden of demonstrating why a lower rate should be awarded. *Id.* By his declaration, Attorney Sandstrom Hill has demonstrated that he is familiar with the rates charged by attorneys in the Southern District of Texas. Plaintiff has met her burden of showing that a reasonable hourly rate for her attorneys are $300.00 and $425.00 in this matter.

The declaration provided by counsel for Plaintiff establishes the reasonableness of the hours expended, the lack of duplication of effort, and the reasonableness of the hourly rate charged

in light of counsel's experience and hourly rates charged in the Houston legal community. With the lodestar established, the Court must determine if any reason exists to adjust the lodestar in this case.

**B.     Adjustments to the lodestar**

There is a strong presumption of the reasonableness of the lodestar amount. *Saizan v. Delta Concrete Prods. Co., Inc.*, 448 F.3d 795, 800 (5th Cir.2006). However, after calculating the lodestar, the court may adjust the lodestar amount upward or downward based upon its analysis of twelve factors enumerated in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717- 19 (5th Cir.1974). *Id.* The twelve factors enumerated in *Johnson* are as follows:

(1)    The time and labor required to represent the client or clients;

(2)    The novelty and difficulty of the issues in the case;

(3)    The skill required to perform the legal services properly;

(4)    The preclusion of other employment by the attorney;

(5)    The customary fee charged for those services in the relevant community;

(6)    Whether the fee is fixed or contingent;

(7)    The time limitations imposed by the client or circumstances;

(8)    The amount involved and the results obtained;

(9)    The experience, reputation, and ability of the attorney;

(10)   The undesirability of the case;

(11)   The nature and length of the professional relationship with the client; and

(12)   Awards in similar cases.

The most critical factor in determining an attorneys' fee award is the degree of success obtained. *Saizan*, 448 F.3d at 799. A low damage award, however, should not alone lead to a reduction of the lodestar amount. *Young v. Sea Horse Venture IV, LLC,* 2009 WL 614823 *1 (N.D.Tex.2009). Moreover, some of these factors are subsumed in the initial lodestar calculation. *See Saizan v. Delta Concrete Products Co., Inc.*, 448 F.3d 795, 800 (5th Cir. 2006). Thus, if the calculation of the lodestar figure already took a specific factor into account, the Court cannot consider it in adjusting the lodestar value. *Id.* Doing so would be impermissible double counting. *Id.* at 800 (citing *Migis,* 135 F.3d at 1047).

Factors 1, 5, 9, and 12 have already been discussed in determining the lodestar amount. The only other relevant factor is the results obtained (factor 8). In this case, Defendant agreed to pay Plaintiff all overtime owed her as well as liquidated damages in an equal amount. This represents the best recovery Plaintiff could have obtained in this case. Accordingly, this factor weighs in favor of increasing the lodestar amount. However, in this case, Plaintiff is not seeking an adjustment of the lodestar factor.

**C.     Costs**

Finally, as stated in the Declaration of Jonathan Sandstrom Hill, Plaintiff has incurred costs of $400 for the filing fee in this matter. Plaintiff is entitled to reimbursement of her costs permitted under 28 U.S.C. §1920. *See* 29 U.S.C. §216.

**IV.     <u>MOTION FOR ENTRY OF FINAL JUDGMENT</u>**

Plaintiff requests that his court enter a final judgment as follows:

A final judgment of $7,547.25 in favor of Sarah Ricciardi and against STSI, LLC and Robert Marquez, Jr. jointly and severally.

Respectfully submitted this 7th day of October, 2014.

/s/ Jonathan Sandstrom Hill
**JONATHAN SANDSTROM HILL**
Texas Bar No. 24076667
ROSS LAW GROUP
1104 San Antonio St.
Austin, Texas 78701
(512) 474-7677
(512) 474-7677 (fax)
jonathan@rosslawgroup.com

**ATTORNEY FOR PLAINTIFF**

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on October 7, 2014, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification to the following:

Charles T. Jeremiah
Chamberlain, Hrdlicka, White, Williams & Aughtry, P.C.
1200 Smith, Suite 1400
Houston, Texas 77002

/s/ Jonathan Sandstrom Hill
JONATHAN SANDSTROM